UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

YOHANDRY JOSE NAVARRO ARDILA,

                Petitioner,

v.

KEVIN RAYCRAFT et al.,

                Respondents.

_____/

Case No. 1:26-cv-1035

Honorable Jane M. Beckering

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I.    **Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner and enjoin Respondents from re-detaining Petitioner without adequate notice or hearing. (Pet., ECF No. 1, PageID.15.)

In an order entered on April 2, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 5.) Respondents filed their response and a recording of the March

10, 2026, bond hearing on April 7, 2026. (Resp., ECF No. 6; Recording of Mar. 10, 2026, Bond

Hearing, filed on April 7, 2026.) Petitioner filed his reply later that same day, (ECF No. 7).

## II.    Relevant Factual Background

Petitioner is a native and citizen of Venezuela who entered the United States in 2021. (Pet.,

ECF No. 1, PageID.5.) On December 17, 2025, ICE arrested Petitioner when he attended a

scheduled ICE check-in appointment in Grand Rapids, Michigan. (Pet., ECF No. 1, PageID.8.)

On February 7, 2026, Petitioner filed a § 2241 petition challenging his initial detention

without a bond hearing in *Navarro Ardila v. Raycraft* (*Navarro Ardila I*), No. 1:26-cv-410 (W.D.

Mich.). In *Navarro Ardila I*, the Court conditionally granted Petitioner's petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a

bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion

and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & J.,

*Navarro Ardila I*, (W.D. Mich. Mar. 3, 2026), (ECF Nos. 7, 8).

On March 10, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Pet., ECF

No. 1, PageID.5.) At the conclusion of the March 10, 2026, hearing, the Immigration Judge denied

Petitioner's request for bond. The Immigration Judge's Order states:

Denied, because[:]

[Petitioner] is a flight risk. [Petitioner] lacks familial ties in the United States.
[Petitioner] has insufficient community ties in the United States. Further,
[Petitioner] has no pending applications with the Court or USCIS. Therefore, there
is an insufficient likelihood of [Petitioner] being granted immigration relief in the
United States and such can be considered by this Court as to a change in custody
status.

The Court finds that the Department of Homeland Security has proven by a
preponderance of the evidence, and even at the higher standard of clear and
convincing evidence, that the [Petitioner] is a flight risk and there are no conditions
or combination of conditions that would reasonably assure the [Petitioner's] future
appearances at immigration proceedings.

(Mar. 10, 2026, Immigration Judge Order, ECF No. 2-4, PageID.83.) The recording of the bond hearing reflects the Immigration Judge's decision regarding Petitioner's request for bond. (Recording of Mar. 10, 2026, filed on Apr. 7, 2026.)

On March 27, 2026, Petitioner attended a second custody redetermination proceeding. (Mar. 27, 2026, Order Immigration Judge, ECF No. 2-7, PageID.92.) In the March 27, 2026, proceeding, the Immigration Judge denied Petitioner's request for a change in custody stating: "Denied, because [n]o change in circumstances from the previous bond hearing. Respondent is a flight risk. Court confirms finding of previous bond order." (*Id.*)

## III.    Discussion

In Petitioner's § 2241 petition, Petitioner argues that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing on March 10, 2026. Specifically, Petitioner argues that the Immigration Judge failed to require the government to demonstrate dangerousness or flight risk by clear and convincing evidence. *See Soto-Medina v. Lynch*, No. 1:25-cv-1704, --- F. Supp. 3d ----, 2026 WL 161002, at *2 (W.D. Mich. Jan. 21, 2026) (addressing the constitutionally required burden of proof).

Based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied a constitutionally deficient burden of proof. Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.

**Conclusion**

For the reasons discussed above, the Court will enter a judgment denying Petitioner's

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.


Dated:    May 1, 2026              /s/ Jane M. Beckering
                                    Jane M. Beckering
                                    United States District Judge